### WEIMER v. KALAMAZOO CIRCUIT JUDGE.

INTOXICATING LIQUORS—MANDAMUS — CRIMINAL LAW — CARRYING ON BUSINESS WITHOUT A LICENSE.

Evidence that the respondent in a criminal action took out a retail liquor dealer's license to engage in business at a certain place, and while the building was undergoing repairs or alterations he entered the employ of another retail dealer as manager of the business which was conducted at a separate location, under a license issued to the owner, is insufficient to sustain a prosecution upon a charge of selling and keeping for sale intoxicating liquors, in violation of Act No. 291, Pub. Acts 1909.

Mandamus by George V. Weimer, prosecuting attorney of Kalamazoo county, against Frank E. Knappen, circuit judge of said county, to compel respondent to vacate an order quashing an information wherein William S. Forler was charged with selling and keeping for sale intoxicating liquors without having procured a license therefor. Submitted January 30, 1912. (Calendar No. 24,932.) Writ denied February 10, 1912.

*George V. Weimer, in pro. per.*

*R. L. Campbell* and *Harry C. Howard,* for respondent.

Brooke, J.   Relator asks for a writ of mandamus requiring respondent to set aside and vacate an order quashing an information and discharging one William S. Forler, who was charged with engaging in the business of selling and keeping for sale spirituous, malt, brewed, and intoxicating liquors, contrary to the provisions of Act No. 291 of the Public Acts of 1909.   After examination before a municipal justice, Forler was permitted by the circuit judge to withdraw his plea of "not guilty" for the purpose of making a motion to quash the information.   This motion sets out six different reasons for the relief sought, only one of which was considered by the learned trial judge to be fatal to the case made by the people.   That one reads as follows:

"The evidence taken upon the examination of respondent, on which the information filed herein is based, shows that no offense under the laws of the State of Michigan has been committed."

The learned circuit judge, in his answer to the order to show cause herein, says, in part:

"It appeared from the record that said William S. Forler, who was charged with conducting a retail liquor business without a license, in the city of Kalamazoo, during May, 1911, had during the year 1910 conducted a retail liquor business at No. 109 East Main street.   It further appears that a license had been issued by the city council of the city of Kalamazoo to said William S. Forler to conduct a business for retail liquor selling at Nos. 226–226½ East Main street, Kalamazoo, Mich., and that all the legal requirements had been complied with by the said William S. Forler previous to the time when the complaint was made against said William S. Forler for conducting an illegal retail liquor business.   It further appears that a retail liquor dealer's license was issued to Louis A. Kertson to conduct a retail liquor business at No. 236 East Main street, Kalamazoo, Mich., and it further appears that the complaint against William S. Forler was based upon his connection with the business of the saloon at No. 236 East Main street, Kalamazoo, Mich.   All the legal requirements, such as making the application, filing a bond for approval, having it approved by the proper body

and obtaining a license, were complied with by Louis A. Kertson as far as No. 236 East Main street was concerned. It further appears by the record that the license obtained by William S. Forler for Nos. 226–226½ East Main street was not used until after the time alleged in said complaint for the reason that Nos. 226–226½ East Main street was undergoing repairs; * * * that the said William S. Forler, who held a retail liquor dealer's license for Nos. 226–226½ East Main street, and who was unable to occupy that location on account of repairs being made therein, was hired on May 9, 1911, by Louis A. Kertson, to manage his (Kertson's) retail business at No. 236 East Main street until such time as Forler's place of business would be ready for occupancy. The record shows that from May 1, 1911, to May 9th or 10th, one William S. Dean was hired by Louis A. Kertson to manage that place. There is no evidence whatever that any one other than Louis A. Kertson individually had anything whatever to do with the hiring of any of these clerks or managers so called; * * * that after careful consideration of all the testimony of the people's witnesses taken upon the examination in the court below, respondent came to the conclusion that the only possible inference to be fairly drawn from all of the testimony was that William S. Forler was hired by Louis A. Kertson, who held a license at No. 236 East Main street, and who has complied with every legal requirement so that a retail liquor business could be conducted at that place, and that William S. Forler was at such place simply as manager, clerk, or hired man for Louis A. Kertson."

The other matters covered by the testimony and dealt with in the return need not here be considered. The sole question here presented is whether there was any testimony introduced on behalf of the people tending to establish the charge against Forler that he was engaged, during the time specified, in the liquor business contrary to the provisions of the statute.

We have examined this record with care, and are satisfied that a correct conclusion was reached by the court below.

The writ is denied.

MOORE, C. J., and STEERE, BLAIR, and STONE, JJ., concurred.